The opinion of the court at General Term is a satisfactory discussion of the question involved in the case, and in its conclusion and the grounds assigned therefor we concur. The controlling consideration is that there are plain words directing these moneys to be paid to the superintendent, and that there is no requirement that he should pay them into the treasury. The clause of the statute in which the provision is contained points the meaning of the direction that this percentage should be paid to the superintendent, by the other provision that certain other sums are to be paid into the treasury. The service for which this percentage was to be paid to the superintendent he might not be required to render at all, it being dependent on the desire of the companies to change their securities; and the compensation would vary with the amount of service required. Considered as a source of revenue to the State it would always have been utterly uncertain in amount; while as a compensation for uncertain and otherwise uncompensated service it would be exactly graduated by the amount of service actually performed.
Throughout the acts in respect to the insurance department, when moneys received are to be paid into the treasury, it is so specifically provided. The solitary exception is in the act chapter 694 of the Laws of 1865, which in substance provides that insurance companies of other States doing business in this, shall be subjected to the same fines, rules, license fees and charges, as are imposed on our companies doing business in such other States respectively. The general scheme and object of that law precludes the idea that its provisions could have been intended to increase the compensation of the superintendent. We do not think any just argument can be drawn from that act against his claim under the statute of 1870.
The argument in his favor is strengthened and rendered quite conclusive by the fact that in 1871 the provisions of law designating the fund for paying the expenses of the department were revised and altered with a view to the increase of the *Page 451 
fund (Laws of 1871, § 1, chap. 709), but that the legislature did not enumerate the percentage in question as belonging to that fund. In the face of this enactment, we perceive little force in the argument, on the part of the people, that the act of 1870 added the percentage in question to this fund.
In the face of the clear disclosure of legislative purpose in the actual provisions of the law, we are not at liberty to yield to arguments drawn from the previous sufficiency of the superintendent's salary, or to speculations as to the reasons which may have induced the legislature to make the enactment.
The judgment should be affirmed.
CHURCH, Ch. J., ALLEN and RAPALLO, JJ., concur; GROVER, FOLGER and ANDREWS, JJ., dissent.
Judgment affirmed.